

**Office of the New York State**
**Attorney General**

**Letitia James**
**Attorney General**

January 22, 2026

<u>**Via ECF**</u>
The Honorable Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

      Re:    *Zafrani v. Aviles-Ramos, et al.*, No. 1:25-cv-09772-MMG

Dear Judge Garnett:

This Office represents defendants New York State Education Department and the Office of State Review (together, "SED") in the above-referenced matter. We write to respectfully request that the February 3, 2026 initial pretrial conference (*see* December 18, 2025 Order, ECF No. 28) be adjourned *sine die*, including the requirement to submit a Joint Letter and Case Management Plan by January 27, 2026 (*see id.*), and that discovery in this action be stayed pending disposition of SED's motion to dismiss, filed January 21 (ECF Nos. 36-37, "SED's Motion"). Plaintiff consents to this request.

"[U]pon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c)," including where a party raises "substantial arguments" for dismissal. *Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). In evaluating a potential stay, courts consider: "(1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Id.* (alterations adopted and citation omitted).

As shown in SED's Motion, Plaintiff's claim against SED is subject to dismissal. *First*, Plaintiff's sole claim against SED, which seeks to compel a decision by a State Review Officer ("SRO") by December 4, 2025 concerning Plaintiff's administrative appeal, is moot because the SRO ***already issued the decision Plaintiff seeks*** on December 24, 2025, and there is simply no relief that can be granted as against SED. *See* SED's Motion at 7-8. Thus, this Court lacks subject matter jurisdiction over Plaintiff's claims against SED. *Id. Second*, SED is not a proper party to this case, which is essentially a dispute between Plaintiff and the New York City Department of Education ("NYCDOE") regarding the proper educational placement of a particular student. *See id.* at 8-10. And *third*, Plaintiff's main claim in this case, which seeks a pendency placement and funding by the NYCDOE, is entirely separate and distinct from her claim against SED, which is limited solely to her claim that the extension of time granted by an SRO violated her rights. *See id.* at 11-13.

Hon. Margaret M. Garnett                                                Page 2 of 4
January 22, 2026

Here, a stay of discovery is warranted because SED's Motion "is potentially dispositive, and … not unfounded in the law." *See Oestreicher v. Equifax Information Servs., LLC*, 2023 WL 3819378, at *2 (E.D.N.Y. June 5, 2023); *Gross v. Madison Square Garden Ent. Corp.*, 2023 WL 6815052, at *2 (S.D.N.Y. Oct, 17, 2023) (granting stay of discovery where "the viability of [plaintiff's] claims [was] in at least some doubt" and defendant's motion was "not unfounded in law"); *Press v. Primavera*, 2022 WL 17736916, at *2 (S.D.N.Y. Dec. 16, 2022) ("Because Defendant's success on the motion to dismiss would dispose of the entire action, this factor weighs in favor of granting the requested stay."); *Del Mar TIC I, LLC v. Bancorp Bank*, 2024 WL 1348501, at *1 (S.D.N.Y. Mar. 29, 2024) (same).

SED's Motion, which implicates the Court's subject matter jurisdiction, provides particularly good cause for a stay because it is "the Court's obligation not to proceed unnecessarily with merits discovery in a case over which the Court may lack subject matter jurisdiction." *Miller v. Brightstar Asia, Ltd.*, 2020 WL 7483945, at *5 (S.D.N.Y. Dec. 21, 2020) (quoting *Hong Leong Fin. Ltd.*, 297 F.R.D. at 75). Here, as described in SED's Motion, the Court lacks subject matter jurisdiction over this case under Fed. R. Civ. P. ("Rule") 12(b)(1) because Plaintiff's claims against SED are moot. *See* SED's Motion at 7-8. This well-grounded challenge to the Court's subject matter jurisdiction warrants a stay of discovery until it has been resolved. *See Comey v. United States Dep't of Just.*, 2025 WL 3496323, at *1 (S.D.N.Y. Dec. 5, 2025) ("'without jurisdiction the court cannot proceed at all in any cause' … it would be inappropriate to authorize discovery … until the Court confirms that it has subject-matter jurisdiction" (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)) (alterations adopted)); *see also Renois v. WVMF Funding, LLC*, 2021 WL 1721818, at *1 (S.D.N.Y. Apr. 30, 2021) (granting stay of discovery pending resolution of Rule 12(b)(1) motion to dismiss where jurisdictional arguments "are colorable and raise threshold challenges to the Court's subject-matter jurisdiction and Plaintiff's standing to bring suit").

In addition, all of the other relevant factors also support the imposition of a stay of discovery in this case. With respect to the length of the requested stay, it is well-established that "a stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Spinelli v. Nat'l Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (citations omitted); *see also Magee v. Walt Disney Co.*, 2020 WL 8815489, at *1 (S.D.N.Y. June 10, 2020) (finding that "because the disposition of the dismissal motions may significantly narrow, if not eliminate, the issues remaining in this case … proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on Defendants." (internal quotations omitted)); *Contracto Ltd. v. Fast Search & Transfer Intern., AS*, 2012 WL 12252587, at *2 (E.D.N.Y. July 12, 2012) ("the procedural posture of [the] action supports a stay given the case is newly filed, no party has served any initial disclosures or discovery demands and therefore a stay would not disrupt the progress of ongoing discovery matter.").

Further, this action was filed on November 24, 2025, less than two months ago, so a brief stay of discovery pending disposition of SED's Motion will not prejudice Plaintiff. *See, e.g., Del Mar TIC I*, 2024 WL 1348501, at *2 (finding no prejudice where "Plaintiffs filed this case only about six months ago"); *Primavera*, 2022 WL 17736916, at *2 (finding that "further delay" would not "significantly prejudice Plaintiff" where action had "been proceeding for over a year without discovery"); *Spinelli*, 2015 WL 7302266, at *2 ("[W]ith the viability of the [] Complaint

unresolved, a delay in discovery, without more, does not amount to unfair prejudice."). And while no discovery requests have yet been served, the Complaint contains broad allegations concerning the actions of multiple defendants and other personnel which could implicate significant discovery—efforts that would "result in a waste of resources" should SED's Motion be granted. *See Conte v. Tapps Supermarket, Inc.*, 2022 WL 4539267, at *9 (E.D.N.Y. Sept. 28, 2022) (granting stay pending motion to dismiss even where "the likely volume of discovery in this case does not appear extraordinary").

Instead, proceeding with discovery would place a substantial burden on SED, especially since the effort required will be rendered unnecessary in the event that SED's Motion is granted and Plaintiff's claims against SED are dismissed. *See Johnson v. New York Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) ("[B]ecause the adjudication of the pending motion to dismiss may obviate the need for burdensome discovery, defendant's request for a stay of discovery is granted, until resolution of the motion to dismiss."). Such a waste of resources is particularly problematic where, as here, SED is a public entity because it "would result in a substantial diversion of public resources which may not be ultimately necessary in this action." *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 116 (E.D.N.Y. 2006) (staying discovery pending resolution of motion to dismiss where "[s]everal of the defendants are municipal entities who provide public services in the areas of public education and civil service employment"); *see also U.S. v. Cnty. of Nassau*, 188 F.R.D. 187, 189 (E.D.N.Y. 1999) ("[I]t is self-evident that the cost of discovery, coupled with the diversion of employees' time and attention from municipal business to focus on the retrieval of discovery and to otherwise assist in the pursuit of this litigation, would be an unnecessary expense in the event that Nassau County's motion to dismiss is ultimately granted. The interests of fairness, economy and efficiency therefore favor the issuance of a stay of discovery at this time."); *Nat'l Rifle Ass'n of Am. v. Cuomo*, 2020 WL 7338588, at *5-6 (N.D.N.Y. Dec. 14, 2020) (issuing stay of discovery pending resolution of motion to dismiss because, *inter alia*, "the public also has a significant interest in reducing the costs of the litigation borne by the State defendants as well as an interest in protecting public officials from groundless litigation as it discourages these officials from vigorously and fearlessly performing their duties, thus distorting the proper functioning of the legal system and disserving the broader public interest" (citations and internal quotations omitted)).

Accordingly, given the strength of the arguments for dismissal, the burden of the potential discovery in this action, and the lack of prejudice to Plaintiff, there is good cause to stay discovery pending resolution of SED's Motion.

In accordance with Rule I(B)(5) of Your Honor's Individual Rules and Practices, Plaintiff consents to this request. Defendants Melissa Aviles-Ramos and the New York City Department of Education previously requested an adjournment of the Initial Pretrial Conference on December 17, 2025 (ECF No. 23), which was granted on December 18, 2025 (ECF No. 28).

Accordingly, SED respectfully requests that the Court stay discovery pending the disposition of SED's Motion and adjourn the February 3, 2026 initial pretrial conference *sine die*.

Thank you for your attention to these matters.

Hon. Margaret M. Garnett                                                    Page 4 of 4
January 22, 2026

Respectfully submitted,

/s/ Jacob Lewis
JACOB LEWIS
Assistant Attorney General
212-416-8539
Jacob.Lewis@ag.ny.gov

cc:      All counsel of record (*via* ECF)

GRANTED IN PART and DENIED IN PART.  In lieu of the letter and case management plan described in the Court's December 1, 2025 Order, the parties are hereby ORDERED to file a joint letter by **January 30, 2026**.  Without getting into argument, the letter should briefly summarize each party's position about the implications of the State Review Officer's December 24, 2025 Decision (*see* Dkt. No. 38-1) for this lawsuit and whether Plaintiff would be willing to stipulate to the dismissal of some or all parties from this lawsuit.  The conference scheduled for February 3, 2026, shall proceed as scheduled. Separately, there is no need to stay discovery as the Court has not yet adopted a discovery plan.  State Defendants' letter motion to adjourn the conference and stay discovery (Dkt. No. 39) is DENIED AS MOOT.

SO ORDERED.  Dated January 27, 2026.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE