USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___4/22/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIYA ZAFRANI,

                   Plaintiff,

        -against-

CHANCELLOR KAMAR SAMUELS, et al.,

                 Defendants.

25-CV-09772 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

The Court assumes familiarity with the facts and procedural history of this action, which the Court has summarized multiple times in recent orders. Before the Court is Plaintiff's second motion for a temporary restraining order ("TRO") and preliminary injunction ("PI") (Dkt. No. 66), seeking orders directing Defendants to provide immediate payment pursuant to the decision of the State Review Officer ("SRO"), which follows on the heels of the Court denying Plaintiff's motion to compel compliance with a decision from the SRO and for contempt sanctions (Dkt. No. 65). In support of the new motion, Plaintiff cites an email she purportedly received from iBrain stating that iBrain would be closed on April 16, and April 17, due to "staffing challenges related to delays in payments from the Department of Education." *See* Dkt. No. 67-1. Plaintiff also filed a declaration from an attorney named Jeffrey Arlen Spinner with the Liberty & Freedom Legal Group, Ltd., which summarizes two similar recent emails from iBrain to parents and affirms their authenticity. Dkt. No. 67. The declaration does not state what, if any, knowledge Spinner has about iBrain's finances or whether iBrain has re-opened since Plaintiff filed her motion.

Injunctive relief, in any context, is "an extraordinary remedy" that is "never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). To receive this remedy, a plaintiff must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (the "*Winter* factors"). "[I]rreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990). The Supreme Court has affirmed the importance of the *Winter* factors and their status as pre-requisites to awarding injunctive relief, absent clear evidence Congress intended to displace those factors in enacting a statutory scheme. *See Starbucks Corp. v. McKinney*, 602 U.S. 339, 346 (2024) (describing the *Winter* factors as the "default rule" and recognizing a "presumption that the four traditional criteria govern[s] a preliminary-injunction request"). To receive a temporary restraining order, meanwhile, a movant must demonstrate "a threat of irreparable harm that will occur *immediately* to justify a temporary restraining order." *Carter v. Sewell*, No. 23-CV-01139 (JLR) (RWL), 2023 WL 7164304, at *1 (S.D.N.Y. Oct. 31, 2023) (quoting *Omnistone Corp. v. Cuomo*, 485 F. Supp. 3d 365, 367 (E.D.N.Y. 2020)).

Plaintiff has entirely failed to brief the *Winter* factors.  And, although a likelihood of irreparable harm is the single most important perquisite to the issuance of a preliminary injunction, Plaintiff has failed to comprehensively or persuasively argue that this case meets that prerequisite.  Plaintiff's failure to address the *Winter* factors precludes granting Plaintiff's motion.  Even were the Court to look past this fatal deficiency and simply assume the irreparable harm would be the minor child's missed days at school, the motion would still fail given the meager evidence submitted in support of the motion.  It is entirely unclear how long the closure will last.  Furthermore, besides the unsupported hearsay statements presented in the emails, the Court has no basis to conclude iBrain is closed due to delayed payments from DOE (whether exclusively, primarily, or in part).  Additionally, "Plaintiff has not provided any explanation as to how the funding of a single student's pendency would alleviate the underlying problem [she has] identified, which allegedly is [iBrain's] ability to pay more than 200 staff members and make payments on past-due rent." *Ramos v. Samuels*, No. 26-CV-03128 (LJL), Dkt. No. 18 at 5 (S.D.N.Y. Apr. 21, 2026) (denying a TRO motion on analogous facts based on the same evidence).  Accordingly, in addition to failing to show irreparable harm, Plaintiff has failed to show how granting Plaintiff's motion would alleviate the claimed harm.

For the foregoing reasons, the aspect of Plaintiff's motion seeking a TRO is DENIED.

The Court is aware that Plaintiff has filed emergency motions in several other cases based on the email(s) relied on in this matter.  *See, e.g.*, *Abreu v. Aviles-Ramos*, No. 25-CV-05499 (RA), *Bruckauf v. Aviles-Ramos*, 25-CV-05679 (KPF); *Juca v. Aviles-Ramos*, 25-CV-06972 (DEH) *Ramos v. Samuels*, No. 26-CV-03128 (LJL).  The Court is also aware that Judge Liman on April 20, 2026, ordered the plaintiff in that case (who is represented by the same attorneys as in this matter) to meet and confer with the DOE and file a letter in these actions about whether a referral to Judge Cave for discovery concerning the emergency motions would facilitate efficiency and judicial economy.

It is hereby ORDERED that the parties file a joint status letter on **Friday, April 24, 2026**, providing the parties' views on whether a referral to Judge Cave for discovery would facilitate judicial economy, as well as next steps in this matter.  The Court will issue an appropriate order addressing Plaintiff's motion for a preliminary injunction after receiving the status letter.

Dated: April 22, 2026
      New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

2