USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  5/26/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIYA ZAFRANI,

               Plaintiff,

        -against-

MELISSA AVILES-RAMOS, et al.,

               Defendants.

25-CV-09772 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

This is an Individual with Disabilities Education Act ("IDEA") lawsuit. Plaintiff is Mariya Zafrani, individually and on behalf of her minor child. Defendants are the New York City Department of Education ("DOE") and Chancellor Kamar Samuels (together, the "City Defendants"); and the Office of State Review ("OSR") and the New York State Education Department (together, the "State Defendants"). Before the Court is the State Defendants' motion to dismiss themselves from this lawsuit. The motion is GRANTED.

## BACKGROUND

The Court assumes familiarity with the facts and procedural history of this matter, which both the Court and the parties have summarized through a growing corpus of orders, filings, and decisions. *See, e.g.*, Dkt. Nos. 65 & 71. Plaintiff filed a complaint on November 24, 2025. Dkt. No. 1. Among other grievances, Plaintiff asserted that a State Review Officer ("SRO") inappropriately granted an extension to the City Defendants, which then extended the SRO's deadline to issue a final decision. Plaintiff claimed this delay violated applicable federal law and state regulations requiring a decision within 30 days of Plaintiff's appeal. Her complaint sought the following relief relevant to the State Defendants: (1) an injunction reversing the SRO's extension of the decision due date; and (2) an order "[c]ompelling Defendants to comply with the

1

timelines for convening resolution meetings and due process hearings, and concluding the impartial hearing process." *See* Dkt. No. 1 at 36–37.

Consistent with the extended timeline, the SRO issued a final decision on December 24, 2025 (the "SRO's Decision"). Dkt. No. 38-1. On the eve of a conference with the Court, intended to address whether, *inter alia*, the decision mooted Plaintiff's claims against the State Defendants, Plaintiff filed a First Amended Complaint ("FAC"). Dkt. No. 45.

The FAC seeks the following relief relevant to the State Defendants. First, a declaration that the State Defendants violate the IDEA by granting extensions of deadlines over parents' objection and are reasonably likely to do so again absent judicial intervention. Second, a declaration that the SRO's failure to issue a decision within thirty (30) days violated the law. And third, injunctive relief requiring the State Defendants to implement and maintain procedures ensuring "[s]trict adherence to the 30-day decision timeline set forth in . . . state regulations." Dkt. No. 45 at 30–31.

The Court then held a conference on February 3, 2026. Following the conference, the Court ordered Plaintiff to meet and confer with State Defendants regarding whether "Plaintiff, specifically, has Article III standing to pursue a claim against State Defendants on the theory that State Defendants have systematically failed to abide by statutory timelines, and, to the extent that Plaintiff ever had such standing, whether that standing has been mooted by the issuance of a final decision in her case by the SRO." Dkt. No. 46.

Plaintiff did not stipulate to dismissing the State Defendants. The State Defendants then moved to dismiss the FAC as to them, arguing, *inter alia*, the SRO's Decision mooted Plaintiff's claim against them. *See* Dkt. No. 48 at 3–4. Plaintiff responds that this case falls within the

2

"capable of repetition yet evading review" exception to the mootness doctrine. Dkt. No. 54 at 4–6. That argument suffers from multiple defects.

## DISCUSSION

### I. PLAINTIFF LACKS ARTICLE III STANDING TO BRING HER CLAIMS AGAINST THE STATE DEFENDANTS

At the outset, Plaintiff has not established standing to seek declaratory or injunctive relief against the State Defendants. Article III grants the federal courts power over "Cases" and "Controversies." Standing doctrine derives from the traditional understanding of those terms. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)..[1] To show standing, a plaintiff must show she suffered a "concrete" and "particularized" injury that is "actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff has not articulated how the SRO's failure to issue a decision within thirty days inflicted any particularized or concrete injury on her. Instead, she merely argues it violated deadlines contained in federal or state law. That argument is insufficient. Violation of a statute, standing alone, does not automatically constitute an injury-in-fact. *Thole v. U.S. Bank N.A.*, 590 U.S. 538, 544 (2020). Unable to point to some other injury, Plaintiff cannot rely on these timelines alone to seek relief requiring the State Defendants to implement far-reaching changes to their practices and procedures.

### II. EVEN IF PLAINTIFF HAD STANDING, THE SRO'S DECISION MOOTED HER RIGHT TO SEEK RELIEF FROM THE STATE DEFENDANTS

Even assuming Plaintiff initially had standing to seek this relief, the SRO's Decision has rendered it moot. Article III requires that "at all times, the dispute before the court must be real

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

and live, not feigned, academic, or conjectural." *Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet*, 260 F.3d 114, 118 (2d Cir. 2001). When an intervening change in circumstance extinguishes a controversy, the case becomes "moot," and a court loses jurisdiction to adjudicate it. "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). That is the situation this Court confronts.

Shortly after the filing of this lawsuit, the SRO released its decision. Plaintiff is now challenging portions of that decision before this Court on the merits. Dkt. No. 45. She is seeking no further relief from the SRO. And she has no other case pending before an SRO. Accordingly, Plaintiff has no legally cognizable interest in her sought-after declaratory or injunctive relief.

Resisting this conclusion, Plaintiff argues this case falls within an exception to the mootness doctrine because it is capable of repetition yet evading review. The capable of repetition yet evading review exception applies "only in exceptional situations." *Lillbask ex rel. Mauclaire v. State of Conn. Dept. of Educ.*, 397 F.3d 77, 85 (2d Cir. 2005). It requires "a reasonable expectation that the *same complaining party* will be subject to the same action again." *Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet*, 260 F.3d 114, 119 (2d Cir. 2001) (emphasis added). The repetition "must be more than a mere physical or theoretical possibility, but *probable*." *Doe v. McDonald*, 128 F.4th 379, 387 (2d Cir. 2025) (emphasis added). Plaintiff argues she has met this element because the minor child is young and has several disabilities and Plaintiff will likely file more due process complaints in the future.

Because those complaints may culminate in proceedings before an SRO, Plaintiff argues, the exception applies to this case. It does not.

At most, Plaintiff has shown it is theoretically possible that she will have another proceeding before an SRO who fails to issue a decision during the timeframe Plaintiff contends the law requires. But she has not come close to showing that scenario is "probable." Plaintiff's argument would require the Court to determine it is probable that all of the following events will occur: (1) a subsequent problem will arise with the minor child's placement, necessitating a due process complaint ("DPC"); (2) Plaintiff will initiate a DPC proceeding before an Impartial Hearing Officer ("IHO"); (3) at least one party will appeal the IHO's decision to an SRO; and (4) the SRO will fail to issue a decision within a time frame acceptable to Plaintiff. There are multiple logical and factual gaps the Court would need to cross to determine that each link in this chain is probable. And Plaintiff has provided nothing but speculation and conjecture to bridge those gaps.[2] Therefore, even assuming she initially had standing to bring them, the issuance of the SRO's Decision has mooted Plaintiff's claims against the State Defendants.

---

[2] Plaintiff also argues in passing that the voluntary cessation doctrine applies. Dkt. No. 54 at 6. But Plaintiff argues the "illegal" practice was the SRO granting an extension and then issuing its decision "late." That the SRO has since issued its decision does mean the State Defendants have voluntarily ceased the initial conduct Plaintiff challenged.

## CONCLUSION

For the foregoing reasons, the State Defendants' motion to dismiss (Dkt. No. 47) is

GRANTED.  The Clerk of Court is respectfully directed to remove the New York State

Education Department and Office of State Review as defendants in this matter and terminate

Dkt. No. 47.


Dated: May 26, 2026
      New York, New York


                                        SO ORDERED.

                                        MARGARET M. GARNETT
                                        United States District Judge